IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LEESBURG PIZZA BUFFET, LLC, *et al.*, )<br>)<br>Defendants. )<br>_____ ) | Civil Action No. 1:12cv1514 (GBL/JFA) |

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiff U.S. Bank National Association's ("U.S. Bank" or "plaintiff") motion for default judgment and order of detinue ("motion for default judgment") against defendants Leesburg Pizza Buffet, LLC ("Leesburg Pizza"); Pizza Rica, LLC ("Pizza Rica"); Covered Bridge Pizza, LLC ("Covered Bridge Pizza"); Paul Miller ("Miller"); and Jessica L. Chestnut ("Chestnut"). (Docket no. 14). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his Proposed Findings of Fact and Recommendations, a copy of which will be provided to all interested parties.

### Procedural Background

On December 28, 2012, plaintiff filed its complaint (Docket no. 1) stating causes of action for breach of agreement against Leesburg Pizza; breach of guaranty against Pizza Rica, Covered Bridge Pizza, Miller, and Chestnut (collectively "defendants"); and for detinue against Leesburg Pizza pursuant to Va. Code § 8.01-114, *et seq.* (Docket no. 1). In the complaint, plaintiff sought damages in the amount of $176,275.89, plus interest; an order of detinue directing the United States Marshal or other lawful authority to repossess the collateral and deliver the same to plaintiff if Leesburg Pizza did not voluntarily surrender the collateral within

seven days of the court's order; attorney's fees and costs; and such other relief which this court deems just. *Id.*

Upon the filing of the complaint, summonses were issued for service on Chestnut, Covered Bridge Pizza, Leesburg Pizza, Miller, and Pizza Rica. (Docket no. 2). On January 8, 2013, plaintiff filed an amended complaint (Docket no. 3) ("Compl.") again stating causes of action for breach of agreement against Leesburg Pizza; breach of guaranty against Pizza Rica, Covered Bridge Pizza, Miller, and Chestnut; and for detinue against Leesburg Pizza pursuant to Va. Code § 8.01-114, *et seq.* (Docket no. 2). In the amended complaint, plaintiff sought the same relief as in the original complaint. *Id.* Also on January 8, 2013, the summonses that were issued to Chestnut, Covered Bridge Pizza, Leesburg Pizza, Miller, and Pizza Rica were returned unexecuted. (Docket no. 4). Upon the filing of the amended complaint, summonses were again issued for service on the defendants. (Docket no. 5).

Leesburg Pizza's registered agent, Paul Miller, was served personally on January 10, 2013 in Ashburn, Virginia. (Docket no. 6). In accordance with Fed. R. Civ. P. 12(a), Leesburg Pizza's responsive pleading was due January 31, 2013; 21 days after being served with the summons and complaint. Pizza Rica's registered agent, The Company Corporation, was served on January 10, 2013 in Wilmington, Delaware. (Docket no. 7). In accordance with Fed. R. Civ. P. 12(a), Pizza Rica's responsive pleading was due January 31, 2013; 21 days after being served with the summons and complaint. Covered Bridge Pizza's registered agent, The Company Corporation, was served on January 10, 2013 in Wilmington, Delaware. (Docket no. 8). In accordance with Fed. R. Civ. P. 12(a), Covered Bridge Pizza's responsive pleading was due January 31, 2013; 21 days after being served with the summons and complaint. Miller was served, in his personal capacity, by substituted service on January 9, 2013; in accordance with

2

Va. Code § 8.01-296(2)(a), the summons was left at Miller's residence or usual place of abode at 42770 Hollowind Court, Ashburn, Virginia 20148 with his wife, Jessica L. Chestnut, a person of suitable age and discretion who resides at Miller's usual place of abode. (Docket no. 9). In accordance with Fed. R. Civ. P. 12(a), Miller's responsive pleading was due January 30, 2013; 21 days after being served with the summons and complaint. Chestnut was served by personal service on January 9, 2013 at 42770 Hollowind Court, Ashburn, Virginia 20148. (Docket no. 10). In accordance with Fed. R. Civ. P. 12(a), Chestnut's responsive pleading was due January 30, 2013; 21 days after being served with the summons and complaint. None of the defendants has filed a responsive pleading and the time for doing so has expired.

On March 18, 2013, plaintiff filed a request for entry of default as to all the defendants (Docket no. 11) with an affidavit in support in support by Bernard J. DiMuro (Docket no. 11-1) ("DiMuro Aff. I"). On March 19, 2013, the Clerk of the Court entered default against the defendants pursuant to Federal Rule of Civil Procedure 55(a). (Docket no. 12). On April 16, 2013, the District Judge entered an order directing plaintiff to file a motion for default judgment and set a hearing on the motion for default judgment for Friday, June 14, 2013. (Docket no. 13). On May 14, 2013, plaintiff filed a motion for default judgment and order of detinue (Docket no. 14) along with a memorandum in support (Docket no. 15), and a notice of hearing for June 14, 2013 (Docket no. 16). The motion for default judgment was supported by an affidavit from Bernard J. DiMuro (Docket no. 15-8) ("DiMuro Aff. II"), an affidavit from Christina Koffel in support of the claim for damages (Docket no. 15-9) ("Koffel Aff."), an affidavit from D. Alexander Darcy in support of the claim for attorney's fees and costs (Docket no. 15-10) ("Darcy Aff."), and an additional affidavit from Bernard J. DiMuro in support of the claim for attorney's fees and costs (Docket no. 15-11) ("DiMuro Aff. III"). On May 16, 2013, plaintiff filed an

3

additional affidavit from Philip J. Hirschkop in support of the claim for attorney's fees and costs (Docket no. 17-1) ("Hirschkop Aff."). The motion for default judgment and supporting papers were served on defendants by mail on May 14, 2013 and May 16, 2013. (Docket nos. 14-17). On June 14, 2013, counsel for the plaintiff appeared at the hearing before the undersigned and no one appeared on behalf of any of the defendants.

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Based on the defendants' failure to file a responsive pleading in a timely manner, the Clerk of the Court has entered a default as to each of the defendants. (Docket no. 12).

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

## Jurisdiction and Venue

A court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment. Plaintiff alleges that this matter is properly brought in this court under 28 U.S.C. § 1332 based on complete diversity of citizenship and an appropriate

amount in controversy. (Compl. ¶ 7). Plaintiff is a national bank, chartered under the laws of the United States, maintaining its charter in Ohio, and with its principal place of business in Minneapolis, Minnesota. (Compl. ¶ 1). Defendant Leesburg Pizza is a Virginia limited liability company with its principal place of business in Leesburg, Virginia and its members are Miller and Chestnut, both citizens of Virginia. (Compl. ¶ 2). Defendant Pizza Rica is a Delaware limited liability company with its principal place of business in Ashburn, Virginia and its members are Miller and Chestnut, both citizens of Virginia. (Compl. ¶ 3). Covered Bridge Pizza is also a Delaware limited liability company with its principal place of business in Ashburn, Virginia and its members are Miller and Chestnut, both citizens of Virginia. (Compl. ¶ 4). Defendants Miller and Chestnut are citizens of Virginia domiciled at 42770 Hollowind Court, Ashburn Virginia, 20148. (Compl. ¶¶ 5, 6). Plaintiff's amended complaint seeks a judgment of $176,275.89, an amount in excess of $75,000. (Compl. ¶ 18).

The court also has personal jurisdiction over defendants. As noted in the complaint, defendant Leesburg Pizza is a Virginia limited liability company with its principal place of business in Leesburg, Virginia; defendants Pizza Rica and Covered Bridge Pizza have their principal places of business in Ashburn, Virginia; and defendants Miller and Chestnut are Virginia citizens. (Compl. ¶¶ 2-6). Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in and/or a substantial part of property that is the subject of this action is situated in the Eastern District of Virginia.

For these reasons, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that the court has personal jurisdiction over the defendants, and that venue is proper in this court.

## Service

After the filing of plaintiff's amended complaint on January 8, 2013, summonses were issued for each defendant. (Docket no. 4).

Under Fed. R. Civ. P. 4(e)(1), an individual may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located. Under Virginia law, service upon a natural person must first be attempted by delivering a copy of process in writing to the party in person. *See* Va. Code § 8.01-296(1). If personal service is unsuccessful, only then may substituted service be attempted: if the party to be served is not found at his usual place of abode, service may be accomplished by delivering a copy of the process to a person found at the party's usual place of abode who is a member of his family, other than a temporary sojourner or guest, and who is of the age of 16 years or older. *See* Va. Code § 8.01-296(2)(a). The summons as to Miller was returned executed on January 14, 2013, indicating that Miller was served by substituted service on his wife Jessica L. Chestnut, a person of suitable age or discretion, on January 9, 2013 at his residence or usual place of abode at 42770 Hollowind Court, Ashburn, Virginia 20148. (Docket no. 9). The summons as to Chestnut was also returned executed on January 14, 2013, indicating that Chestnut was served by personal service on January 9, 2013 at 42770 Hollowind Court, Ashburn, Virginia 20148. (Docket no. 10).

Pursuant to Fed. R. Civ. P. 4(h), a corporation may be served in a judicial district of the United States (A) in the manner prescribed in Rule 4(e)(1) for serving an individual or (B) by delivering a copy of the summons and complaint to an officer, managing or general agent, or any other agent authorized by law to receive service of process. Rule 4(e)(1) provides that an individual may be served in a judicial district of the United States by following state law for

serving a summons and Virginia law provides that service upon a domestic corporation may be made by personal service on any officer, director, or registered agent of such corporation. *See* Va. Code § 8.01-299(1). The summons as to Leesburg Pizza was returned executed on January 14, 2013, indicating that the summons as to Leesburg Pizza was served personally on Leesburg Pizza's registered agent, Paul Miller, on January 10, 2013 in Ashburn, Virginia. (Docket no. 6). The summonses as to Covered Bridge Pizza and Pizza Rica were returned executed on January 14, 2013, indicating that Covered Bridge Pizza and Pizza Rica's registered agent was served on January 10, 2013 in Wilmington, Delaware. (Docket nos. 7, 8).

Accordingly, the undersigned magistrate judge recommends a finding that each defendant was served properly with the summons and amended complaint.

### Grounds for Entry of Default

Under Fed. R. Civ. P. 12(a), a responsive pleading was due from Miller and Chestnut on January 30, 2013 (21-days after the summons and complaint were served) and a responsive pleading was due from Leesburg Pizza, Pizza Rica, and Covered Bridge Pizza on January 31, 2013 (21-days after service on the registered agents for those defendants). (Docket nos. 6-10). No responsive pleading has been filed by any defendant and the time for doing so has expired. On March 18, 2013, plaintiff filed a request for entry of default as to the defendants (Docket no. 11) along with an affidavit in support from Bernard J. DiMuro (Docket no. 11-1). The request for entry of default was served on March 18, 2013 on the defendants by mailing a copy to the addresses where service of process was accepted. (Docket no. 11). The Clerk of the Court entered default against each of the defendants on March 19, 2013. (Docket no. 12). The currently pending motion for default judgment and materials in support were mailed to each of the defendants on May 14, 2013 and May 16, 2013. (Docket nos. 14-17).

For these reasons, the undersigned magistrate judge recommends a finding that the defendants were served properly, that the defendants failed to file responsive pleadings in a timely manner, and that the Clerk of the Court has properly entered a default as to each of the defendants.[1]

## Liability

According to Fed. R. Civ. P. 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Because the defendants have failed to file a responsive pleading and are in default, they admit the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6).

The following facts are established by the amended complaint (Docket no. 3) and the memorandum and affidavits submitted in support of the motion for default judgment (Docket no. 15). Plaintiff U.S. Bank is a national bank, chartered under the laws of the United States, with its charter in Ohio and its principal place of business in Minneapolis, Minnesota. (Compl. ¶ 1). Defendant Leesburg Pizza is a Virginia limited liability company with its principal place of business at 500 Fort Evans Road, 1A, Leesburg, Virginia 20176 and its members are Miller and Chestnut, who are both citizens of Virginia. (Compl. ¶ 2). Defendants Pizza Rica and Covered Bridge Pizza are Delaware limited liability companies, each with a principal place of business at 42770 Hollowind Court, Ashburn, Virginia 20148. (Compl. ¶¶ 3, 4). The members of defendants Pizza Rica and Covered Bridge Pizza are Miller and Chestnut, who are both citizens of Virginia. *Id.* Defendants Miller and Chestnut are citizens of Virginia who are domiciled at 42770 Hollowind Court, Ashburn, Virginia 20148. (Compl. ¶¶ 5, 6).

---

[1] The plaintiff also provided affidavits stating that Miller and Chestnut are not in the military service of the United States. (Docket nos. 15-6, 15-7). Accordingly, neither Miller nor Chestnut would be entitled to any protection under the Service Members' Civil Relief Act, 50 U.S.C. § 521.

8

On July 22, 2008, Harbour Capital Corporation ("Harbour"), as lender, and Leesburg Pizza, as borrower, entered into an Equipment Finance Agreement ("the Agreement") (Docket no. 3-1), whereby Harbour agreed to finance certain collateral ("the collateral") and other costs for Leesburg Pizza. (Compl. ¶ 9). In order to secure Leesburg Pizza's obligations under the Agreement, Leesburg Pizza granted Harbour a blanket security interest in all of Leesburg Pizza's assets ("the collateral"). (Compl. ¶ 10). In addition, in order to induce Harbour to enter into the Agreement, defendants Miller, Chestnut, Pizza Rica, and Covered Bridge Pizza personally guaranteed Leesburg Pizza's obligations under the Agreement. (Compl. ¶ 11, *see also* Docket nos. 3-1, 3-2, 3-3, 3-4).

On or around July 30, 2008, Harbour assigned all of its right, title, and interest in and to the Agreement and the collateral to U.S. Bancorp Manifest Funding Services, which was an unincorporated division of Lyon Financial Services, Inc., which later merged into U.S. Bank Equipment Finance, Inc., which then later merged into U.S. Bank. (Compl. ¶ 12, *see also* Docket no. 3-1 at 18). The collateral is defined in the Agreement, reflected in a UCC Financing Statement, and is worth at least $30,000.[2] (Compl. ¶¶ 32, 33; *see also* Docket no. 3-6).

Pursuant to the Agreement, Leesburg Pizza agreed to make 84 consecutive, monthly payments in the amount of $5,192.19. (Koffel Aff. ¶ 13). Leesburg Pizza made 48 of the 84 payments due under the Agreement, but failed to make the payment due August 16, 2012 and all payments thereafter. (Koffel Aff. ¶ 14). According to plaintiff, Leesburg Pizza failed to make timely payments to U.S. Bank under the Agreement, even when U.S. Bank demanded payments

---

[2] The Equipment Schedule "A" attached to the Agreement states "[t]he collateral shall consist of all right, title and interest of the debtor in, under and to each of the following that are used in connection with the debtor's business, and in each case whether now owned or existing or hereafter acquired or arising: (1) goods, including fixtures, trades fixtures, furniture, equipment and inventory; (2) documents; (3) instruments; (4) accounts; (5) general intangibles; (6) chattel paper; and (7) any and all proceeds derived from any of the foregoing. (Docket no. 3-1 at 3). The same information is reflected in U.S. Bank's UCC-1 Financing Statement. (Docket no. 3-6).

from Leesburg Pizza. (Compl. ¶¶ 13, 14). Plaintiff contends that it has also demanded payment from all of the guarantors, including Miller, Chestnut, Pizza Rica, and Covered Bridge Pizza. (Compl. ¶ 15, *see also* Docket no. 3-5).

Non-payment is an event of default under the Agreement. (Compl. ¶ 17). Paragraph 11 of the Agreement provides, in pertinent part

> If you do not pay any payment or other sum due to us or other party when due or if you break any of your promises in this Agreement or any other agreement with us, you will be in default. If any part of a payment is late, you agree to pay a late charge of 15% of the payment which is late or if less, the maximum charge allowed by law. If you are ever in default, we may retain your security deposit and at our option, we can terminate or cancel this Agreement and require that you (1) pay the unpaid balance of this Agreement, including accrued but unpaid payments, discounted to present value at six percent per annum and (2) unless you have paid the amount in (1), return the Equipment to us to a location designated by us. We may sell, lease or otherwise dispose of all or any part of the Equipment at public or private sale, with or without notice and may bid and purchase the Equipment or any of it at such sale. The proceeds of sale, lease or other disposition shall first be applied to all costs and expenses incurred in taking, removing, holding, repairing and selling or otherwise disposing of the Equipment, attorney's fees and court costs, and our other obligations hereunder (excluding repayments); then to pay all sums remaining unpaid hereunder, with any remaining surplus belonging to you. You will be obligated to pay any deficiency after such application of proceeds. We may recover interest on any unpaid balance at the rate of 8% per annum. We may also use any of the remedies available to us under Article 9 of the Uniform Commercial Code enacted in the State of Minnesota or any other law. If we refer this Agreement to an attorney for collection, you agree to pay our reasonable attorney's fees and actual court costs. If we have to take possession of the equipment, you agree to pay the cost of repossession.

(Docket no. 3-1 at 2). As U.S. Bank has a first priority security interest in Leesburg Pizza's assets (Docket no. 3-6), U.S. Bank alleges it is entitled to repossess the collateral as a secured party. (Compl. ¶¶ 16, 17). In addition, based on Leesburg Pizza's default under the Agreement

10

and plaintiff's understanding that Leesburg Pizza is not current on its debt obligations to General Electric Capital Corporation, U.S. Bank alleges that it has reason to believe that Leesburg Pizza is not paying its creditors generally, including its landlord. (Compl. ¶ 35). U.S. Bank contends that Leesburg Pizza continues to be in possession of the collateral, despite its default on the Agreement, and U.S. Bank believes that the collateral will likely be destroyed or materially damaged if permitted to remain in Leesburg Pizza's possession. (Compl. ¶¶ 34, 35).

By Leesburg Pizza's failure and refusal to make payments when due and default on the Agreement, U.S. Bank alleges in the amended complaint that it has been damaged in the amount of $176,275.89 and that defendants Leesburg Pizza, Pizza Rica, Covered Bridge Pizza, Miller, and Chestnut are therefore indebted to U.S. Bank in the amount of $176,275.89, plus interest, attorney's fees, and costs. (Compl. ¶¶ 18, 20, 22, 24, 26, 28). In addition, due to Leesburg Pizza's default, plaintiff contends that it is entitled to immediate possession of the collateral. (Compl. ¶ 31).

Paragraph 14 of the Agreement provides that the Agreement "shall be governed by and construed in accordance with the laws of Minnesota or the laws of the home state of assignee." (Docket no. 3-1 at 2). In order to state a claim for breach of contract under Minnesota law, "the plaintiff must show (1) formation of a contract, (2) performance by plaintiff of any conditions precedent to his right to demand performance by the defendant, and (3) breach of the contract by defendant." *Park Nicollet Clinic v. Hamann*, 808 N.W.2d 828, 833 (Minn. 2011).

Given that the factual allegations alleged in the amended complaint are deemed admitted, the undersigned recommends a finding that plaintiff has established a claim for breach of contract against each of the defendants; specifically, breach of the Agreement by Leesburg Pizza and breach of guaranty by Pizza Rica, Covered Bridge Pizza, Miller, and Chestnut.

## Measure of Damages

Plaintiff's amended complaint sought judgment in the amount of $176,275.89 plus interest, attorney's fees, and costs, jointly and severally, on the breach of agreement claim against Leesburg Pizza (Count I), the breach of guaranty claim against Pizza Rica (Count II), the breach of guaranty claim against Covered Bridge Pizza (Count III), the breach of guaranty claim against Miller (Count IV), and the breach of guaranty claim against Chestnut (Count V). (Compl. ¶¶ 20, 22, 24, 26, 28). Plaintiff also sought an order of detinue directing the United States Marshal or other lawful authority to use all necessary force to repossess the collateral and deliver the same to U.S. Bank if Leesburg Pizza does not voluntarily surrender the collateral within seven days of the court's order. (Compl. ¶ 36). Plaintiff's motion for default judgment seeks a judgment in the amount of $192,510.41 (money damages in the amount of $182,786.89 + attorney's fees and costs in the amount of $9,723.52), jointly and severally, against the defendants on Counts I-V and an order of detinue directing defendant Leesburg Pizza to surrender the equipment to plaintiff at a place and time directed by U.S. Bank within seven days of entry of judgment on Count VI.[3] (Docket no. 14).

### Counts I-V (Breach of Agreement and Guaranty)

Pursuant to paragraph 11 of the Agreement, in the event of default, U.S. Bank is entitled to late charges, the accelerated balance of all payments and other amounts due, including future payments discounted at the rate of 6% per annum to present value, and prejudgment interest at the rate of 8% per annum. (Koffel Aff. ¶ 16, *see also* Docket no. 3-1 at 2).

Having established a breach of contract on Counts I-V, the amended complaint and the affidavit from Christina Koffel in support of plaintiff's damages claim establish that U.S. Bank is

---

[3] The damages amount sought in the amended complaint ($176,275.89) included the balance due plus late charges and the damages amount sought in the motion for default judgment ($182,786.89) also included the interest due.

entitled to the accelerated balance of all payments, including future payments discounted at the rate of 6% per annum, and prejudgment interest at 8% per annum. Ms. Koffel indicates that upon review of U.S. Bank's computer accounting records relating to the Agreement and Guaranties, the total balance due under the Agreements and Guaranties consists of:

| | |
|---|---|
| **Balance due under the Agreement:**<br><br>[5 past due payments in the amount of $5,192.19 + (31 future payments in the amount of $5,192.198 discounted at the rate of 6% per annum) = 174,718.23] | $174,718.23 |
| **Interest on Balance:**<br><br>[Calculated at 8% per annum from the date of acceleration of August 16, 2012 to February 1, 2013 (170 days at $38.30 per diem)] | $6,511.00 |
| **Late Charge pursuant to ¶ 11 of the Agreement** | $1,557.66 |
| **BALANCE DUE:** | **$182,786.89** |

(Koffel Aff. ¶ 22).

For these reasons, the undersigned magistrate judge recommends that a default judgment be entered in favor of U.S. Bank on Counts I-V against Leesburg Pizza for breach of the Agreement and against Pizza Rica, Covered Bridge Pizza, Miller, and Chestnut for breach of guaranty in the amount of $182,786.89, to be offset by the proceeds of the sale, lease, or other disposition of the collateral following U.S. Bank's repossession of the collateral.

## Count VI (Detinue)

Plaintiff also seeks an order of detinue pursuant to Va. Code § 8.01-114, *et seq.*, in order to repossess the collateral.[4] This court has previously held that in order to establish a claim for

---

[4] Notably, Fed. R. Civ. P. 64(a) provides, in pertinent part, that "[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a

detinue in Virginia, the following elements must be established: "(1) plaintiff must have a property interest in the thing sought to be recovered; (2) the right to immediate possession; (3) the property is capable of identification; (4) the property must be of some value; and (5) defendant must have had possession at some time prior to the institution of the act." *York v. Jones*, 717 F. Supp. 421, 427 (E.D. Va. 1989) (citing *D.T. Vicars v. Atlantic Discount Co.*, 205 Va. 934, 140 (1965)). "The remedy for a detinue claim is recovery of the item being withheld and any damages for its detention." *SecureInfo Corp. v. Telos Corp.*, 387 F. Supp. 2d 593, 620 (E.D. Va. 2005) (citing *Broad St. Auto Sales, Inc. v. Baxter*, 230 Va. 1, 334 S.E.2d 293 (1985)).

The facts set forth in the amended complaint and the Agreement establish that plaintiff has a property interest in the collateral, namely a first priority security interest in Leesburg Pizza's assets, which is evident by the UCC-1 Financing Statement attached as an exhibit. (Compl. ¶ 16; *see also* Docket no. 15-9 at 38). Plaintiff alleges that it has the right to immediate possession by virtue of paragraph 11 of the Agreement, which provides that in the event of default, U.S. Bank is entitled to possession of the collateral. (Koffel Aff. ¶ 16, *see also* Docket no. 3-1 at 2). Leesburg Pizza's assets are capable of identification in that the UCC Financing Statement defines the collateral to include: (1) goods (fixtures, trades fixtures, furniture, equipment, and inventory), (2) documents, (3) instruments, (4) accounts, (5) general intangibles, (6) chattel paper, and (7) any and all proceeds derived from any of the foregoing located at 500 Fort Evans Road, 1A, Leesburg, VA 20176. (Docket no. 15-9 at 38). Plaintiff alleges that the collateral is worth at least $30,000. (Koffel Aff. ¶ 27). Finally, plaintiff contends that Leesburg Pizza continues to be in possession of the collateral, despite its default. (Koffel Aff. ¶ 28).

---

person or property to secure satisfaction of the potential judgment." Accordingly, the detinue remedy available under Virginia law appears to be available to plaintiff.

For these reasons, U.S. Bank appears to have established a claim for detinue under Virginia law. The next question, however, is whether U.S. Bank can be simultaneously entitled to an order of detinue and the full amount of its claimed damages for breach of contract. It is well settled that a party may not recover twice for one injury. *Gen. Tel. Co. of the Nw., Inc. v. Equal Employment Opportunity Comm'n*, 446 U.S. 318, 333 (1980) ("It also goes without saying that the courts can and should preclude double recovery by an individual."). Upon default, paragraph 11 of the Agreement provides that U.S. Bank may sell or lease the Equipment and that

> The proceeds of sale, lease or other disposition shall first be applied to all costs and expenses incurred in taking, removing, holding, repairing and selling or otherwise disposing of the Equipment, attorney's fees and court costs, and our other obligations hereunder (excluding repayments); <u>then to pay all sums remaining unpaid hereunder</u>, with any remaining surplus belonging to you.

(Docket no. 3-1 at 2) (emphasis added). Allowing U.S. Bank to repossess the collateral, alleged to be worth at least $30,000, in addition to the full amount of money damages for breach of contract would constitute an impermissible double recovery for plaintiff.

Given that plaintiff has successfully stated a claim for damages for breach of contract and for detinue under Virginia law, the undersigned recommends a finding that default judgment should be entered in favor of U.S. Bank on Count VI of the amended complaint against Leesburg Pizza and the court should enter an order of detinue directing Leesburg Pizza to surrender the equipment to U.S. Bank at a place and time directed by U.S. Bank within seven days of the court's entry of judgment. The undersigned further recommends that the order of detinue specify that once U.S. Bank has repossessed the equipment, the proceeds of the sale, lease, or other disposition of that equipment shall be applied to the costs and expenses of the taking, removing,

holding, repairing, selling, or otherwise disposing of the equipment, and then shall be credited towards the balance of money damages and attorney's fees and costs awarded in this action.

**Attorney's Fees and Costs**

Pursuant to paragraph 11 of the Agreement, U.S. Bank is entitled to reasonable attorney's fees and the actual costs of this action. (Docket no. 3-1 at 2; *see also* Koffel Aff. ¶ 23). In support of its request for $9,723.52 in attorney's fees and costs, plaintiff submitted an affidavit from Alexander Darcy and a detailed fee transaction file list in support of $5,769.00 in attorney's fees for services rendered by Askounis & Darcy, PC. (Docket no. 15-10). In addition, plaintiff submitted an affidavit from Bernard DiMuro and a detailed billing report in support of $3,954.52 in attorney's fees and costs for services rendered by DiMuroGinsberg, P.C. (Docket no. 15-11).

According to the affidavit from Mr. Darcy, the total amount of attorney's fees incurred for services rendered by Askounis & Darcy, PC was $5,769.00. (Darcy Aff. ¶ 4). The attached detailed fee transaction file list indicates that this amount is comprised of 24.50 hours of billable attorney time at hourly rates of $225.00 and $250.00 and 0.10 hours of non-billable, legal assistant time at an hourly rate of $140.00. (Docket no. 15-10). The affidavit of Mr. Darcy does not state the title, position, or level of experience of the individuals whose time has been billed on this matter and on the detailed fee transaction list, the individuals are identified by numbers (5, 9, and 12) rather than names or initials. *Id.* However, reading the detailed fee transaction list alongside the affidavit of Philip Hirschkop submitted in support of the reasonableness of the billing statements (Docket no. 17-1), it appears that Mr. Darcy billed 9.7 hours at an hourly rate of $250, attorney Justin A. Seccombe billed 14.8 hours at an hourly rate of $225, and a legal assistant recorded 0.10 hours at an hourly rate of $140. (Docket no. 15-10; Hirschkop Aff. ¶ 4). Mr. Darcy and Mr. Seccombe are listed as attorneys on the website of Askounis & Darcy, PC.

According to the affidavit from Mr. DiMuro, the total amount of attorney's fees and costs incurred for services rendered by DiMuroGinsberg, P.C. was $3,954.52. (DiMuro Aff. III ¶ 6). The affidavit of Mr. DiMuro does not state the title, position, or level of experience of the individuals whose time has been billed on this matter, however, Mr. DiMuro ("BJD" on the detailed billing report) and Taylor S. Chapman ("TSC" on the detailed billing report) appear listed as attorneys on the website of DiMuroGinsberg, P.C. The individual whose initials are "KLR" does not appear to correspond to an attorney at DiMuroGinsberg, P.C. and is assumed to be a legal assistant. The attached detailed billing report states a total of 10.10 hours of attorney time billed at an hourly rate of $275 for Mr. DiMuro (BJD) and Ms. Chapman (TSC) and 0.50 hours of legal assistant time billed at an hourly rate of $75 for KLR for a total of $2,815.00 in professional services. (Docket no. 15-11). The total sought for fees and expenses is $1,139.52, which includes the $350.00 filing fee, $736.30 for service of process fees, $10.00 for a Delaware corporation and tax search, $39.92 for federal express, and $3.30 for postage. *Id.*

In support of the requested hourly rates, plaintiff has provided a declaration from Philip J. Hirschkop, an attorney familiar with fees charged by other attorneys in the Northern Virginia area and familiar with the skill, expertise, and experience of Mr. DiMuro, Mr. Darcy, and Mr. Seccombe. (Docket no. 17-1). Mr. Hirschkop has stated that the hourly rates of $275 for DiMuro, $250 for Darcy, and $225 for Seccombe are reasonable and consistent with other similar attorneys in this region. (Hirschkop Aff. ¶¶ 3, 4).

The undersigned magistrate judge has reviewed the affidavits of Mr. Darcy, Mr. DiMuro, and Mr. Hirschkop as well as the detailed fee transaction lists attached to those affidavits and recommends a finding that the hourly rates charged for the attorneys and non-attorneys are reasonable and that the number of hours recorded for the tasks set forth in the billing records is

appropriate. Accordingly, the undersigned recommends that the $9,723.52 amount requested for attorney's fees and costs by the plaintiff is reasonable and should be paid by the defendants.

## Conclusion

For these reasons, the undersigned magistrate judge recommends that a default judgment be entered in favor of plaintiff U.S. Bank National Association and against defendant Leesburg Pizza Buffet, LLC on Count VI of the amended complaint and that an order of detinue be entered directing Leesburg Pizza Buffet, LLC to surrender the equipment to U.S. Bank at a place and time directed by U.S. Bank within seven days of the court's entry of judgment. The undersigned further recommends that a default judgment be entered in favor of plaintiff and against defendant Leesburg Pizza Buffet, LLC; Pizza Rica, LLC; Covered Bridge Pizza, LLC; Paul Miller; and Jessica L. Chestnut, jointly and severally, for breach of the Agreement and breach of guaranty on Counts I-V of the amended complaint in the amount $192,510.41 (including $182,786.89 in money damages and $9,723.52 in attorney's fees and costs). It is further recommended that once U.S. Bank has repossessed the equipment pursuant to the order of detinue, the proceeds of the sale, lease, or other disposition of that equipment shall be applied to the costs and expenses of the taking, removing, holding, repairing, selling, or otherwise disposing of the equipment, and then shall be credited towards the balance of the judgment awarded in this action.

## NOTICE

By means of the court's electronic filing system and by mailing a copy of this Proposed Findings of Fact and Recommendations to LEESBURG PIZZA BUFFET, LLC, d/b/a CICI'S PIZZA, c/o registered agent Paul Miller, 42770 Hollowind Court, Ashburn, Virginia 20148; PIZZA RICA, LLC, c/o The Company Corporation, 2711 Centerville Rd., Ste. 400, Wilmington, Delaware 19808; COVERED BRIDGE PIZZA, LLC, c/o The Company Corporation, 2711

Centerville Rd., Ste. 400, Wilmington, Delaware 19808; and PAUL MILLER and JESSICA L. CHESTNUT, 42770 Hollowind Court, Ashburn, Virginia 20148, the parties are notified that objections to this Proposed Findings of Fact and Recommendations must be filed within fourteen (14) days of service of this Proposed Findings of Fact and Recommendations.

A failure to file timely objections waives appellate review of the substance of the Proposed Findings of Fact and Recommendations and waives appellate review of any judgment or decision based on this Proposed Findings of Fact and Recommendations.

ENTERED this 14TH day of June, 2013.

/s/
John F. Anderson
United States Magistrate Judge

John F. Anderson
United States Magistrate Judge

Alexandria, Virginia